# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THOMAS B. GINTER, <br><br> Plaintiff, <br><br> v. <br><br> CATHERINE M. JOHNSON, <br> KELSEY B. YOUNG <br> Defendant. | **REPORT AND RECOMMENDATION RE: MOTION TO DISMISS (ECF NO. 6)** <br><br> Case No. 2:13-cv-00225-DN-EJF <br><br> Magistrate Judge Evelyn J. Furse |

On April 29, 2013 Defendants Utah State Court Judge Catherine M. Johnson (Johnson) and Salt Lake City Prosecutor Kelsey B. Young (Young) moved this Court[1] to dismiss this case for failure to state a claim upon which this Court can grant relief. (ECF No. 6; *See* Fed. R. Civ. P. 12(b)(6).) Plaintiff Thomas Ginter (Ginter) objected to the Motion to Dismiss on May 22, 2013. (ECF No. 10.) Johnson and Young replied to Ginter's objection on June 5, 2013. (ECF No. 11.) Ginter filed an additional memorandum with attachments on June 19, 2013, which the Court considered despite its procedural irregularity. (ECF No. 12.) The Court has read all of the submissions and finds oral argument unnecessary. (DUCivR 7-1(f).) The Court finds Ginter's claims fail as a matter of law based on the undisputed material facts and thus recommends the District Court Dismiss Ginter's Complaint with prejudice.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a cause of action for failing to state a claim for which the court can grant relief. To withstand a motion to dismiss brought under Rule 12(b)(6), "a complaint must have enough allegations of fact, taken as

---

[1] On April 9, 2013, District Judge David Nuffer referred this case to Magistrate Judge Evelyn J. Furse under 28 U.S.C. section 636(b)(1)(B). (ECF No. 4.)

true, 'to state a claim to relief that is plausible on its face.'" *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While "'a court must accept as true all of the allegations contained in a complaint,'" this rule does not apply to legal conclusions. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A] plaintiff must offer specific factual allegations to support each claim." *Id.* (citation omitted). A complaint survives only if it "states a plausible claim for relief." *Id.* (citation omitted).

"Generally, a court considers only the contents of the complaint when ruling on a 12(b)(6) motion." *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013) (citing *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010)). However, a court may consider "documents incorporated by reference in the complaint; documents referred to in and central to the complaint, when no party disputes its authenticity; and 'matters of which a court may take judicial notice.'" *Id.* (internal quotation marks omitted) (citing *Gee*, 627 F.3d at 1186).

This Court considered and takes judicial notice of the facts included in the Salt Lake City Justice Court Docket attached to the Defendants' Motion to Dismiss. (ECF Nos. 6-1.) "[I]n general, a motion to dismiss should be converted to a summary judgment motion if a party submits, and the district court considers, materials outside the pleadings." *Prager v. LaFaver*, 180 F.3d 1185, 1188 (10th Cir. 1999). However, a court may consider judicially noticeable facts without converting a motion to dismiss into a motion for summary judgment. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (noting that courts regularly consider "matters of which a court may take judicial notice" when ruling on Rule 12(b)(6) motions to dismiss). Courts may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot

reasonably be questioned." Fed. R. Evid. 201(b). The document this Court takes notice of is an official Utah court record. The documents contain facts that the Court can accurately and readily determine from a source whose accuracy no one can reasonably question. Furthermore, Mr. Ginter does not challenge the facts of which the Court takes judicial notice, and such facts remain central to Mr. Ginter's Complaint. Accordingly, the undersigned Magistrate Judge will not convert the motion to dismiss into a motion for summary judgment.

Furthermore, "[a] dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). An "amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (citation omitted). "If such a dismissal operates on the merits of the complaint, it will also ordinarily be entered with prejudice." *Brereton*, 434 F.3d at 1219.

## **FACTUAL BACKGROUND**

On September 25, 2012, a Utah Highway Patrol Officer stopped Ginter on a traffic stop, in South Salt Lake City. (*See* ECF No. 6-1 at 1.) As a result of that stop, the Officer issued Ginter a citation requiring Ginter to appear in the South Salt Lake City Justice Court. The Officer cited Ginter with:

• Driving on a Suspended License, Utah Code Ann. section 53-3-227, Class C Misdemeanor;

• Failure to Illuminate Rear Registration, Utah Code Ann. section 41-6a-1604(2)(c), Class C Misdemeanor;

• No Proof of Insurance, Utah Code Ann. section 41-12a-303.2(2), Class B Misdemeanor.

(*Id.*)

On October 18, 2012, Johnson arraigned Ginter in the South Salt Lake City Justice Court. (ECF No. 6-1 at 3.) At the arraignment, the court set a hearing at Ginter's request, for December 3, 2012 for consideration of a Motion to Dismiss. (*Id.*) On October 24, 2012 Young filed an Information charging Ginter with the same offenses listed in the Citation. (*Id.*) On December 3, 2012, Johnson denied Ginter's Motion to Dismiss. (EFC No. 6-1 at 4.) On December 12, 2012, Ginter filed a Notice and Demand for Trial by Jury. (*Id.*) On February 27, 2013, Johnson convened a status hearing, during which South Salt Lake City Prosecutor, Young, moved to amend the misdemeanor charges to infractions. (EFC No. 6-1 at 5.) The charges outlined by Young in her motion to amend charged Ginter with same offenses listed in the original citation but changed the misdemeanors to infractions. (*Id.*) Johnson granted the motion to amend and scheduled a bench trial. (*Id.*)

On April 3, 2013, Ginter filed a Complaint in the United States District Court, District of Utah. (ECF No. 6-4.) Ginter included with his Complaint a "Notice of Acceptance" purporting that Johnson and Young, through their oaths of office, made a contractual offer to Ginter to "protect [Ginter's] secured right of personal liberty and private property and all rights antecedent thereto."[2] (*Id.* at 8.) In the same document, Ginter purports to accept Johnson and Young's offers and subsequently claims that a contract exists between the parties. (*Id.* at 5-6) In the Complaint, Ginter alleges Johnson and Young breached this contract. (*Id.*) Ginter also alleges Johnson and Young violated Ginter's Sixth Amendment right to a trial by jury. (*Id.*)

## **DISCUSSION**

Ginter proceeds *pro se*; therefore, the Court construes his pleadings liberally. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003) (citation omitted). Under this

---

[2] Ginter previously filed the "Notice of Acceptance" with the state court on October 2, 2012. (ECF No. 6-1 at 3.)

liberal construction, Ginter appears to assert two claims in his Complaint. First, Ginter alleges Johnson and Young violated his Sixth Amendment right to a jury trial by reducing "a misdemeanor charge to an infraction." (ECF No. 6-4.) Second, he alleges Johnson and Young breached a contract by reducing "a misdemeanor charge to an infraction." (*Id.*)

**I. Violation of Sixth Amendment Rights**

The Sixth Amendment right to a jury trial in criminal cases applies to the states by incorporation through the Fourteenth Amendment. *Elliott v. City of Wheat Ridge*, 49 F.3d 1458, 1459 (10th Cir. 1995). However, petty crimes or offenses do not require a jury trial. *See U.S. v. Nachtigal*, 507 U.S. 1, 3-4 (1993) (describing "serious" offenses as compared to "petty" offenses for purposes of determining the right to a jury trial); *Elliott*, 49 F.3d at 1459 (noting circumstances giving rise to the right to a jury trial). Petty crimes or offenses carry a maximum prison sentence no greater than six months. *Baldwin v. New York*, 399 U.S. 66, 69 (1970). The Sixth Amendment's guarantee of the right to a jury trial does not extend to cases "where a defendant faces a potential aggregate in excess of six months for petty offenses charged." *Lewis v. U.S.,* 518 U.S. 322, 324 (1996).

The City of South Salt Lake initially charged Ginter with:

• Driving on a Suspended License, UCA 53-3-227(2), a Class C Misdemeanor;

• Failure to Illuminate Rear Registration, UCA 41-6a-1604(2)(c), a Class C Misdemeanor; and

• No Proof of Insurance, UCA 41-12a-303.2(2), a Class B Misdemeanor.

(ECF No. 6-1 at 2.) Young filed a motion to amend these three charges and change each of their classifications from misdemeanors to infractions. (ECF No. 6-1 at 5.) Johnson granted this motion. (*Id.*) Nothing prohibits a court from amending charges. *See City v McDonald*, 948 P.2d

371, 375 n. 6 (Utah App. 1997) (recognizing implicitly the legitimacy of amending an offence to eliminate the right to a jury trial under the U.S. Constitution by finding such amendment unnecessary in that case but not overturning it).

In Utah, Class C misdemeanors, carry a maximum possible jail term of ninety days and a possible fine of up to $750. Utah Code §§ 76-3-204, 76-3-301. Class B misdemeanors carry a maximum possible jail term not exceeding six months and a possible fine up to $1,000. *Id.* Each of the charges the City of South Salt Lake originally brought against Ginter carries a maximum prison sentence of not to exceed six months and therefore qualifies as a petty offense. *See Baldwin*, 399 U.S. at 69. Thus, as originally charged, Ginter had no Sixth Amendment right to a jury trial. That the City of South Salt Lake originally charged Ginter with three misdemeanors, and he could have faced greater than six months of prison time in the aggregate does not change the analysis, as the aggregation of penalties for petty offenses does not entitle one to a Sixth Amendment right to a jury trial. *See Lewis,* 518 U.S. 324.

Young's motion to amend the charges reduced the offenses to three infractions. An infraction carries only a fine, up to $750 and no prison sentence. Utah Code § 76-3-301. Because an infraction carries no prison sentence, it constitutes a petty offense under the test laid out by the Supreme Court and therefore does not trigger the Sixth Amendment jury trial requirement. *See Baldwin*, 399 U.S. at 69.

As charged originally, Ginter had no right to a jury trial under the Sixth Amendment. The reduction in his charges did not change this fact. Thus Johnson and Young could not violate Ginter's Sixth Amendment right to a jury trial by changing his charges from misdemeanors to infractions, as he never had a right to a jury trial. Taking the uncontested facts in the light most favorable to the non-moving party, Ginter's Sixth Amendment violation claim fails.

Consequently, the allegations in Ginter's Complaint do not state a claim upon which this Court can grant relief. Given the undisputed facts and the analysis above, amendment of the Complaint would prove futile. Accordingly, the undersigned Magistrate Judge recommends Dismissal of the Complaint with prejudice.

## II. Breach of Contract

We look to Utah law for the applicable contract formation standards. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state."). Under Utah law, formation of a contract requires an offer and an acceptance, among other things. *Golden Key Realty, Inc. v. Mantas*, 699 P.2d 730, 732 (Utah 1985). An offer indicates a willingness to enter into a contract that invites another to form the contract by accepting the offer. *Engineering Assocs., Inc. v. Irving Pace Assocs., Inc.*, 622 P.2d 784, 787 (Utah 1980); Restatement (2d) of Contracts § 24 (1981). The "other" accepts the offer by indicating agreement to the offer in a way "an objective, reasonable person" would justifiably understand the two had formed a contract. *Cal. Wadsworth Contr. v. City of St. George*, 898 P.2d 1372, 1376 (Utah 1995); Restatement (2d) of Contracts § 50 (1981). The burden of proof for demonstrating the offer and acceptance of a contract falls on the party claiming the existence of a contract. *Cal. Wadsworth Contr.,* 898 P.2d at 1376.

Ginter claims Johnson and Young offered to enter into a contract with him when they took their oaths of office. However, an oath of office does not equate with a demonstration of willingness to enter into a contract with an individual. Hence, an oath of office does not constitute an offer that another person can accept and form contract. *See Farrell v. U.S.*, No. 09-209C, 2009 WL 3719211, at *3 (Fed. Cl. Oct. 30, 2009) ("an oath of office of the United States

is not an express or implied contract with any individual citizen."). Absent an offer, no contract exists. Ginter's "Notice of Acceptance" cannot create a contract because no one ever made an offer.

After accepting the factual allegations in Ginter's Complaint as true and stripping away his legal conclusions the following facts remain: Johnson and Young took oaths of office at the commencement of their prosecutorial and judicial duties, and Ginter filed a "Notice of Acceptance" purporting to accept an offer that did not exist. Because an oath of office does not constitute an offer, Ginter's breach of contract claim fails as a matter of law. Consequently, the allegations in Ginter's Complaint cannot state a claim upon which the court can grant relief. Given the undisputed facts and the analysis above, amendment of the Complaint would prove futile. Accordingly, the undersigned Magistrate Judge recommends Dismissal of the Complaint with prejudice.

## **RECOMMENDATION**

For the reasons stated above, the District Court should GRANT the Defendants' Motion to Dismiss.

The Court will send copies of this Report and Recommendation to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1)(b); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days of being served with a copy thereof. *Id.* Failure to object may constitute waiver of objections upon subsequent review.

DATED this _20th_ day of December, 2013.

        BY THE COURT:

        _____
        Evelyn J. Furse
        United States Magistrate Judge